# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA MURTAGH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-1762** |
| **AMERICAS INS. CO.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** and **Request for Attorney's Fees** (Rec. Doc. 5) is **DENIED.**

## BACKGROUND

Plaintiff filed suit on October 2, 2018 against the defendant insurer, Americas Insurance Company ("AIC"), for additional contractual benefits due to damage to an insured property which she alleges she is owed under an AIC insurance policy. She also seeks "bad faith" damages under Louisiana Revised Statute Title 22, section 1973 and/or 189, attorney's fees, court costs, loss of use, fair rental value, emotional distress, inconvenience and loss of enjoyment of the property resulting from defendant's arbitrary and capricious adjusting of the claim. In her state court petition, plaintiff alleged that the amount in controversy, exclusive of interest, court costs, attorney's fees, and penalties exceeded the threshold for a jury trial, namely, $50,000.00. Plaintiff served the suit on the Secretary of State on January 11, 2019. AIC first received actual notice of the suit on January 28, 2019. On February 26, 2019, AIC removed the action alleging diversity jurisdiction. In the Notice of Removal, defendant recites that removal was accomplished within 30 days of receipt of actual notice, and within two days of learning that the

amount in controversy exceeded $75,000.00

Plaintiff now moves to remand, arguing (1) that the Notice of Removal is untimely, because it was filed more than 30 days after service on defendant's appointed agent; and (2) it was facially apparent from her petition that damages were in excess of the required amount in controversy, $75,000.00.

## DISCUSSION

Plaintiff acknowledges and does not dispute that "[t]he vast majority of district courts in this circuit have held that service on a statutory agent (such as the Louisiana Secretary of State), on behalf of a foreign defendant, does not trigger the thirty day removal clock." Gordon v. Bancorpsouth Ins. Servs., Inc., (M.D. La. Mar. 29, 2017), report and recommendation adopted, 2017 WL 2219982 (M.D. La. May 19, 2017) (quoting First Choice Surgery Center of Baton Rouge, LLC v. United Healthcare Services, Inc., 2012 WL 3109483, at *3 (M.D. La. July 30, 2012)(other citations omitted).

However, plaintiff contends that the instant case is distinguishable from those invoking the general rule, because those cases involve situations in which the Secretary of State is the defendant's statutory (default) agent, not an appointed agent. In support, plaintiff contends that as a Louisiana admitted insurer, the Secretary of State is AIC's appointed agent, and service on its appointed agent constitutes service on the defendant.

Louisiana Revised Statutes Title 22, section 335 provides that:

> Every foreign or alien insurer shall appoint the secretary of state to be its true and lawful attorney in this state upon whom, or some other person in his office during his absence he may designate, all lawful process in any action or

proceeding against such insurer may be served, which shall constitute service on such insurer.

La. Stat. Ann. § 22:335

However, despite the statutory directive that a foreign insurer "shall appoint" the Secretary of State as its agent, this does not convert the Secretary of State into a true appointed agent. As noted in a Mississippi case interpreting a similar statutory provision,[1] the Secretary of State's "authority to accept service on behalf of [an insurer] is derived solely by statute as a requirement of doing business in the State . . . not through an explicit and voluntary designation by the defendant." Burton v. Continental Cas. Co., 431 F. Supp. 2d 651, 653 (S.D. Miss. May 5, 2006). As well, "state law is ordinarily disregarded when removal is considered, including state law technicalities for completing service of process and securing personal jurisdiction." Id. at 654-55 (citations omitted).

Accordingly, the court finds that notwithstanding the use of the term "shall appoint" in Louisiana Revised Statutes Title 22, section 335, the Secretary of State in this case is a statutory agent and not an appointed agent. As such, the oft-invoked rule[2] establishing that the removal

---

[1] Much like the Louisiana provision, the Mississippi statute requires any foreign insurance company doing business in the state to register with the Commissioner of Insurance and appoint him as its "true and lawful attorney, upon whom all process in any action or legal proceeding against it may be served." Miss. Code Ann. § 83-21-1(c).

[2] See, e.g., Crescent City Holdings, LLC v. Scottsdale Ins. Co., 2008 WL 783592, at *1 (E. D. La. Mar. 25, 2008) (Feldman, J.); Sasser v. Allstate Ins. Co., 2007 WL 3119428, at *1 n. 1 (E. D. La. Oct. 23, 2007) (Fallon, J.); Martin & Pannagl, Ltd. v. Scottsdale Ins. Co., 2007 WL 708780, at *1 (E. D. La. March 5, 2007) (Duval, J.); Backes v. Colonial Life & Accident Ins., 2006 WL 901799, at * (E. D. La. April 4, 2006) (Barbier, J.) ("[a]ctual notice to defendants is necessary in order to convey the required information and afford them the statutorily prescribed amount of time to decide in which court the case should be heard").

clock begins to run 30 days after actual receipt of the petition by the defendant applies. AIC's removal clock began to run on the date it actually received the petition, or January 28, 2019. Its Notice of Removal filed on February 26, 2019 was therefore timely. Thus,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** and **Request for Attorney's Fees** (Rec. Doc. 5) is **DENIED.**

New Orleans, Louisiana, this __3rd__ day of April, 2019.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**