# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA MURTAGH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-1762** |
| **AMERICAS INS. CO.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Partial Summary Judgment** (Rec. Doc. 81) is **GRANTED**, and plaintiff's claims for statutory penalties pursuant to La. Rev. Stat. 22:1892 and 22:1973 are **DISMISSED**.

## BACKGROUND

Plaintiff, Angela Murtagh, is a homeowner who was insured by the defendant, Americas Insurance Company ("AIC"). After suffering a loss due to water damage discovered on October 2, 2017, she filed a claim with AIC on October 11, 2017. Following an inspection by AIC adjuster Vincent Lombard, and a follow up inspection by William Janowsky, P.E., AIC adjusted the loss by November 14, 2017, and made a payment of $5735.07 to plaintiff. The payment represented the full amount of the adjuster's estimate ($11,130.75), less the policy deductible and depreciation.

Plaintiff wrote to Lincoln, disputing the loss amount and itemizing numerous points of disagreement. Subsequently, Murtagh also contacted AIC by telephone to discuss the amount of the payment, and advised that she had hired an engineer who disagreed with AIC's findings. On November 22, 2017, January 2, 2018, February 1, 2018, and March 1, 2018, AIC requested that

plaintiff produce her engineer's report and any other documentation supporting the disputed portions of the claim. Plaintiff did not provide her engineer's report, and instead, on October 2, 2018, plaintiff filed suit in state court against AIC for additional contractual benefits that she alleged she was owed under the AIC policy. She also sought bad faith damages under Louisiana Revised Statute Title 22, section 1973 and/or 1892, attorney's fees, court costs, loss of use, fair rental value, emotional distress, inconvenience and loss of enjoyment of the property resulting from defendant's arbitrary and capricious adjusting of the claim.

On March 2, 2019, plaintiff agreed to participate in the appraisal process set forth in the policy. On February 17, 2020, an appraisal award was issued by the independent umpire, Scott McColl, and on March 16, 2020, AIC tendered to plaintiff the total balance of the appraisal award, $22,167.88.

In the instant motion, defendants seek dismissal of plaintiff's statutory bad faith claims. Plaintiff opposes the motion.

## DISCUSSION

### *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

***Louisiana Good Faith Provisions***

Louisiana Revised Statutes §§ 22:1892 and 22:1973 penalize insurers who arbitrarily and capriciously fail to pay legitimate claims. Section 1892 provides that a property insurer "shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest," and "shall make a written offer to settle any property damage claim, ... within thirty days after receipt of a satisfactory proofs of loss of that claim." La. Rev. Stat. § 22:1892(A)(1) & (4). The statute also provides that the insurer must

3

initiate loss adjustment of a property damage claim within fourteen days after notification of the loss by the claimant, or within thirty days of notification in the case of a catastrophic loss. Id. at § 22:1892(A)(3). If the insurer fails to comply with its obligations under Subsection A, and "such failure is found to be arbitrary, capricious, or without probable cause," the insurer is subjected "to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured ... as well as reasonable attorney fees and costs." Id. at § 22:1892(B)(1).

> Similarly, Section 1973 provides, in pertinent part:
>
> A. An insurer, ..., owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties in Subsection A of the Section:
>
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of a satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

" 'The first sentence of Subsection A of the statute recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer.' " Stanley v. Trinchard, 500 F.3d 411, 427 (5th Cir. 2007) (quoting Theriot v. Midland Risk Ins. Co., 694 So.2d 184, 187 (La.1997)). Both statutes must be strictly construed because they are penal in nature. Reed v.

State Farm Mut. Auto. Ins. Co., 857 So.2d 1012, 1020 (La. 2003).

To recover penalties under either statute for an insurer's failure to timely pay a claim, the insured must prove: (1) that the insurer received a satisfactory proof of loss; (2) that the insurer failed to pay the claim within the applicable statutory period; and, (3) that the insurer's failure to pay was arbitrary, capricious or without probable cause. Dickerson v. Lexington Ins. Co., 556 F.3d 290, 297 (5th Cir. 2009). Courts interpret the phrase "arbitrary and capricious" as synonymous with "vexatious." Id. "'[V]exatious refusal to pay' means unjustified, without reasonable or probable cause or excuse." Id. (quoting Reed, 857 So.2d at 1021).

"An insurer does not act arbitrarily or capriciously, ... when it withholds payment based on a genuine (good faith) dispute about the amount of loss or the applicability of coverage." Id. (citing Calogero v. Safeway Ins. Co. of La., 753 So.2d 170, 174 (La.2000)). "An insurer's conduct depends on the facts known to the insurer at the time of its action, and [the Supreme Court of Louisiana] has declined to assess penalties 'when the insurer has a reasonable basis to defend the claim [such as reasonable and legitimate questions as to the extent of its liability or the loss] and acts in good-faith reliance on that defense.'" Louisiana Bag Co. v. Audubon Indem. Co., 999 So. 2d 1104, 1114 (La. 2008) (quoting Reed, 857 So.2d at 1021). Bad faith penalties cannot be imposed on an insurer "simply because it eventually turned out to be wrong about the cause of the damage." Kodin v. State Farm Fire and Cas. Co., 314 Fed. Appx. 671, 679 (5th Cir. 2009) (citing Icklone v. Travelers Indem. Co., 345 So.2d 202, 203 (La. Ct. App.1977) ("Penalties may not be assessed merely because the insurer is the unsuccessful litigant in a lawsuit.")). However, the insurer must pay any undisputed amount, or, where the exact extent of

5

the damage is unclear, any reasonable amount due, within the statutorily prescribed period in order to avoid penalties under the statutes. La. Bag, 999 So.2d at 1114–15. On the other hand, "an insured who fails to provide his insurer with information required to process his claim cannot then claim the insurer acted arbitrarily in delaying payment." Dickerson, 556 F.3d at 299.

The insured bears the burden of proof, and the penalties imposed by the statutes "are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay." Reed, 857 So.2d at 1021. Penalties and attorneys' fees should be imposed only "when the facts 'negate probable cause for nonpayment.' " La. Bag, 999 So.2d at 1114 (quoting Guillory v. Travelers Ins. Co., 294 So.2d 215, 217 (La. 1974)).

*Application to Facts of Case*

Defendant has moved for partial summary judgment arguing that plaintiff has submitted no competent evidence to demonstrate that AIC's payments or claims handling were arbitrary, capricious, or without probable cause. Plaintiff opposes, arguing that AIC failed to fairly and promptly adjust her claim, because AIC did not adequately investigate the complaints plaintiff submitted regarding the adjuster's, Lincoln's, report. Plaintiff also argues that AIC representative Marcy Chalk misrepresented policy provisions to her, by suggesting she should not have mitigated her loss by repairing the displaced gutters that caused the loss prior to the AIC inspection, and by improperly suggesting that to dispute the claim, she was required to hire a licensed contractor to provide a dispute estimate. Plaintiff also argues that AIC incorrectly withheld recoverable depreciation in violation of its policy and the law.

It is undisputed that plaintiff's property was inspected by AIC by both an adjuster and an

engineer within twenty days of the loss being reported, and that AIC made all payments supported by the adjuster and engineer's reports within thirty days of receiving their reports. Further, on learning of plaintiff's dispute with Lincoln's estimate, which plaintiff claimed was based on her own engineer's report, AIC requested a copy of the disputing engineer's report on four occasions between November 2017 and March 2018. The report was not provided until several months after suit was filed, at the request of the umpire in connection with the appraisal process.

The record reflects that AIC made timely, unconditional payments based on the reports made by its adjuster and an engineer, and made a continuing effort to request documents that plaintiff alleged established a higher loss amount. The court finds that based on the facts known to it at the time (its adjuster's and professional engineer's reports), AIC had a reasonable basis to defend the claim and acted in good-faith reliance on that defense. "A refusal to pay the full amount claimed will not be arbitrary and capricious when the dispute had a good faith basis." Dickerson, 556 F.3d at 299. Further, plaintiff declined to provide her own engineer's report, until three months after suit was filed. "[A]n insured who fails to provide his insurer with information required to process his claim cannot then claim the insurer acted arbitrarily in delaying payment." Dickerson, 556 F.3d at 299. While ultimately, following the appraisal process, it was deemed more was owed (which AIC promptly paid, even though the appraisal was non-binding at plaintiff's request), bad faith penalties cannot be imposed on an insurer simply because it eventually turned out to have been mistaken. See Kodin, supra.

The court also finds that AIC did was not arbitrary and capricious in its claims handling

by misrepresenting the policy contents to plaintiff. The evidence submitted by plaintiff in support of this contention reflects that AIC representative Marcy Chalk informed plaintiff that any dispute estimate needed to be provided by a licensed contractor, that she could hire anyone she wanted for this role, and that if she used a licensed public adjuster, AIC would use the public adjuster's estimate as a dispute estimate. Plaintiff's contention that these representations are somehow inconsistent with policy language authorizing each party to choose a competent appraiser once the appraisal provision is invoked is unpersuasive; the complained of representations do not relate to the appraisal process, but to the dispute estimate procedure. Further, they are consistent with policy requirements.

Plaintiff also contends that "AIC misrepresented how [plaintiff's] actions of protecting the property from additional damage affected the covered loss." Rec. Doc. 93, p. 12. Specifically, plaintiff argues that Chalk indicated that none of the water damage was covered because plaintiff promptly repaired the gutter problem that allegedly caused the water intrusion prior to AIC's inspection. A review of the email correspondence between plaintiff and Chalk makes it clear that AIC had concluded that "there were several different causes of loss resulting in the damage [and] our estimate only addressed the damages that could be attributed to the displaced gutters...." Rec. Doc. 93, Exh. G., p. 4. Thus, it is clear that notwithstanding the fact that the gutters were repaired prior to inspection, AIC acknowledged that they had previously been displaced, and the displacement was a cause of the covered damages. Thus, plaintiff's argument that Chalk misrepresented plaintiff's duties under the policy, or penalized her for mitigating her loss, is unpersuasive.

Finally, plaintiff argues that AIC has acted arbitrarily and capriciously in failing to tender amounts owed for depreciation. Under the policy, whether depreciation is owed depends upon the actual cost to make repairs, which must be completed before those costs can be established. Plaintiff has not submitted the required documentation of the actual costs to make repairs, despite AIC specifically requesting it. Absent proof in some form, such as an invoice or receipt, to prove the repairs were made and to establish their cost, AIC has no duty to compensate plaintiff for depreciation. Its failure to do so is thus not arbitrary and capricious.

## CONCLUSION

Plaintiff has failed to establish that AIC handled her claim in a manner that was arbitrary and capricious. Therefore, she is not entitled to penalties under La. Rev. Stat. 22:1892 and 22:1973, and accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Partial Summary Judgment** (Rec. Doc. 81) is **GRANTED**, and plaintiff's claims for statutory penalties pursuant to La. Rev. Stat. 22:1892 and 22:1973 are **DISMISSED**.

New Orleans, Louisiana, this  13th day of July, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**