# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA MURTAGH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-1762** |
| **AMERICAS INS. CO.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion in Limine to Exclude or Limit Expert Opinion Testimony** (Rec. Doc. 82) is **GRANTED in part**, and plaintiff's witnesses, Larry Masters and Michael Gurtler, may testify, but their testimony shall be limited to the contents of the reports and summaries disclosed prior to May 25, 2021.

## INTRODUCTION

This case involves a coverage dispute stemming from plaintiff's insurance claim for water damage to her rental property. Detailed facts have been set forth in prior orders of the court and are not restated here.

In this motion, defendant seeks to exclude or limit the testimony of plaintiff's experts, arguing that the experts were not timely identified and that plaintiff failed to make expert witness disclosures required be Federal Rule of Civil Procedure 26(a)(2) and the court's scheduling order. Alternatively, defendant requests that any expert opinion testimony solicited by plaintiff at trial be limited to the content of the reports furnished prior to the court's deadline.

## DISCUSSION

Under the court's scheduling order, written reports of plaintiff's Rule 26(a)(2)(B) experts, fully setting forth all matters about which they will testify, and the basis therefor, were required to be delivered to defendant not later than April 14, 2021. The scheduling order did not establish a deadline for disclosure of witnesses brought under Rule 26(a)(2)(c). Under the Federal Rules, absent a court order, such disclosure must be made "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(D)(i). Trial in this matter is set for August 23, 2021; therefore, disclosure of plaintiff's Rule 26(a)(2)(c) witnesses was due by May 25, 2021.

Plaintiff has not designated any experts under Rule 26(a)(2)(B). In plaintiff's Rule 26 disclosures made on May 21, 2021, she disclosed that Larry Masters and Michael Gurtler were likely to have discoverable information, but she did not designate them as experts (according to plaintiff, they are Rule 26(a)(2)(C) experts) until June 11, 2021, which was then the discovery cutoff. The discovery cutoff has since been extended until July 30, 2021, but by the terms of the joint motion seeking the extension, the extension applied to "completion of discovery and depositions only" and did not interfere with "any other pre-trial deadline." Rec. Doc. 87. Thus, it did not extend the deadline for expert designations and reports.

Accordingly, plaintiff did not timely disclose Masters and Gurtler as experts under either Rule 26(a)(2)(B) or (C), nor has she demonstrated good cause to amend the scheduling order. Accordingly, the court finds that while Masters and Gurtler may testify, their testimony shall be limited to the contents of the reports and summaries disclosed prior to May 25, 2021. Therefore,

**IT IS HEREBY ORDERED** that defendant's **Motion in Limine to Exclude or Limit Expert Opinion Testimony** (Rec. Doc. 82) is **GRANTED in part**, and plaintiff's witnesses, Larry Masters and Michael may testify, but their testimony shall be limited to the contents of the reports and summaries disclosed prior to May 25, 2021.

New Orleans, Louisiana, this 13th day of July, 2021.

_____
   MARY ANN VIAL LEMMON
   UNITED STATES DISTRICT JUDGE