UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA MURTAGH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-1762** |
| **AMERICAS INSURANCE COMPANY** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS ORDERED** that this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

The court is required to examine the basis of its subject matter jurisdiction <u>sua sponte</u>. <u>Lane v. Halliburton</u>, 529 F.3d 548, 565 (5th Cir. 2008) (citing <u>Union Planters BankNat'l Ass'n v. Salih</u>, 369 F.3d 457, 460 (5th Cir. 2004)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). Subject matter jurisdiction in this case is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Such cases require complete diversity of citizenship. <u>Stiftung v. Plains Mktg., L.P.</u>, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted). "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." <u>McClaughlin v. Miss. Power Co.</u>, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

Following the failure of defendant Americas Insurance Company ("AIC"), LIGA was

allowed to intervene in this suit.[1] Because LIGA is a Louisiana citizen, the court must consider whether its intervention destroyed diversity, depriving the court of jurisdiction over this matter. Accordingly, the court directed counsel to brief the question whether subject matter jurisdiction was defeated. LIGA asserts that diversity jurisdiction was destroyed, relying on numerous cases from this district finding that a voluntary amendment by plaintiff to add LIGA as a non-diverse defendant defeated diversity jurisdiction under 28 U.S.C. § 1332. See, e.g., Soza v. S. Fid. Ins. Co., 2023 WL 2770125 (E.D. La. Apr. 4, 2023).

While LIGA's intervenor complaint alleges that both Murtagh and LIGA are liable to it,[2] LIGA is charged with undertaking all rights, duties, and obligations of AIC, as if AIC had not become insolvent, La. R. S. 22:2058(A)(2). LIGA is thus clearly aligned as a defendant, litigating the same claims made by plaintiff against AIC. Thus, in its current posture, all persons on one side of the controversy are not citizens of different states from persons on the other side. See McClaughlin, 376 F.3d at 353. Diversity of citizenship is no longer present.

While the addition of LIGA as a defendant through intervention rather than amendment might in some cases support the exercise of supplemental jurisdiction, see 28 U.S.C. § 1367(a), supplemental jurisdiction is exercised over claims, not parties, and the claims LIGA has intervened to litigate are brought by plaintiff. Section 1367(b) provides that "the district courts

---

[1] LIGA did not cite any basis under federal law for its intervention. The court thus assumes the application of Federal Rule of Civil Procedure 24.

[2] Rec. Doc. 139, Intervenor Complaint, ¶ 3.

shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule . . . 24 of the Federal Rules." "[C]laims by plaintiff against the intervenor are expressly excluded from the ambit of supplemental jurisdiction." 7C WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 1917 (3d ed.). Thus, supplemental jurisdiction of plaintiff's claims against LIGA is foreclosed.

Accordingly, the court lacks subject matter jurisdiction to adjudicate this matter. Therefore,

**IT IS ORDERED** that this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this   3rd   day of May, 2024.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

3